**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4699**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY TYRONE TYSON, a/k/a June,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:19-cr-00087-D-1)

_____

Submitted:  March 28, 2023                              Decided:  May 22, 2023

_____

Before WILKINSON and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Dismissed in part, affirmed in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Tyrone Tyson pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Tyson to 168 months' imprisonment and three years of supervised release. On appeal, Tyson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Tyson's guilty plea is valid and whether the sentence imposed is reasonable. Tyson was notified of his right to file a pro se supplemental brief but has not done so. The Government has moved to dismiss Tyson's appeal as barred by the appeal waiver contained in his plea agreement.

Before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3). Because Tyson did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity,

2

or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted). Here, the record reveals that Tyson consented to a Rule 11 hearing before a magistrate judge, the magistrate judge substantially complied with the Rule 11 requirements, and any omissions did not affect Tyson's substantial rights. Further, we conclude that Tyson entered his plea knowingly and voluntarily and that a factual basis supported the plea. Accordingly, we conclude that Tyson's guilty plea is valid.

Turning to Tyson's appeal waiver, we review its validity de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record confirms that Tyson knowingly and voluntarily waived his right to appeal his convictions and sentence, with limited exceptions not

3

applicable here.  We therefore conclude that the waiver is valid and enforceable and that the sentencing issues raised by counsel fall squarely within the scope of the waiver.

However, in imposing Tyson's supervised release conditions at sentencing, the district court ordered Tyson to support his children, while the written judgment requires Tyson to support his dependents.  A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing.  *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020).  This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300.  In *United States v. Singletary*, we explained that a challenge to discretionary supervised release terms that were not orally pronounced at sentencing falls outside the scope of an appeal waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have *not* been 'imposed' on the defendant."  984 F.3d 341, 345 (4th Cir. 2021).

An inconsistency between the descriptions of a condition of supervision announced at sentencing and in the written judgment may be reversible *Rogers* error where the government fails to explain the alleged inconsistency. *See United States v. Cisson*, 33 F.4th 185, 193-94 (4th Cir. 2022); *see also United States v. Jenkins*, No. 21-4003, 2022 WL 112069, at *2 (4th Cir. Jan. 12, 2022).  However, in the context of this record, which reflects no dependents other than Tyson's children, it is clear the district court's intention was to require Tyson to support his children.  "The proper remedy is for the [d]istrict [c]ourt

4

to correct the written judgment so that it conforms with the sentencing court's oral pronouncements." *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part, affirm in part, and remand to the district court with instructions to correct the written judgment to conform with the district court's oral pronouncement that Tyson support his children, leaving the sentence, including the remaining conditions of supervised release, undisturbed. This court requires that counsel inform Tyson, in writing, of the right to petition the Supreme Court of the United States for further review. If Tyson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Tyson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*AND REMANDED*